### IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
### CIVIL DIVISION

**DR. ROGER MORGAN**                                                           **PLAINTIFF**

VS.                           CASE NO. 18CV-2023-1022

**SOUTHERN ADMINISTRATIVE SERVICES;**
**WILLOWBEND AT MARION LLC, d/b/a**
**Willowbend Healthcare and Rehabilitation;**
**PROGRESSIVE ELDERCARE SERVICES CROSS, INC.,**
**d/b/a River Ridge Rehab and Care Center; and,**
**THREE RIVERS NURSING AND REHABILITATION, LLC**       **DEFENDANTS**

---

### VERIFIED COMPLAINT

---

Comes now the Plaintiff, Dr. Roger Moran ("Dr. Morgan"), by and through his attorneys, Denny Sumpter, SUMPTER LAW FIRM, PLLC, and Randall N. Songstad (to be admitted upon application *pro hac vice*), THE SONGSTAD LAW FIRM, P.C., for his Complaint against the defendant, Southern Administrative Services., states as follows:

### I. PARITES

1. Plaintiff, Dr. Roger Morgan's place of business is located at 116 West Tyler Street, West Memphis, Arkansas.

2. Upon information and belief, the Defendant Southern Administrative Services ("Southern") owns and operates the three long-term care facilities in Arkansas that are named separately herein as defendants (collectively, "the facilities"). The owner and operators Southern Administrative Services is located at 2230 S. Macarthur Dr. Alexandria, Louisiana 71301 and can be served through the Secretary of State of Louisiana.

3. The first facility defendant is Willowbend at Marion LLC, doing business as Willowbend Healthcare and Rehabilitation, at 830 Canal St. Marion, AR 72364 (herein

"Willowbend"). Willowbend is an Arkansas Limited Liability Company and can be served through its registered agent Amy M. Wibourn at 4375 N. Vantage Dr., Suite 405 Fayetteville, Arkansas 72703.

4. The second facility defendant is Progrossive Eldercare Services Cross, Inc., doing business as River Ridge Rehab and Care Center, at 1100 Martin Dr. Wynne, Arkansas ("River Ridge"). Defendant River Ridge is an Arkansas Corporation and can be served through its registered agent, Amy Wilbourn at 4375 N. Vantage Drive, suite 405, Fayetteville, Arkansas 72703.

5. The third facility defendant is Three Rivers Nursing and Rehabilitation, LLC located at 33904 Highway 63, Marked Tree, AR 72365 ("Three Rivers"). Three Rivers is an Arkansas Limited Liability Company and can be served through its registered agent, Amy M. Wilbourn at 4375 N. Vantage Drive, suite 405, Fayetteville, Arkansas 72703.

6. Jurisdiction of the persons and subject matter herein is proper, and venue properly lies within this Court.

### III.  STATEMENT OF THE CASE

7. Dr. Morgan is a licensed Psychologist with two Doctorates; one in Psychology and a second Doctorate in Psychopharmacology. Dr. Morgan has been in private practice as a licensed Psychologist since 1995 and has been treating elderly long-term care patients for over 30 years. He currently attends to one hundred patients that on a regular basis at the three defendant long-term care facilities. Many of these patients he has seen for over sixteen (16) years. The patients suffer from a myriad of maladies including but not limited to depression, anxiety, potential suicidal ideations, and other behavioral psychological disabilities. Suffice to

say, Dr. Morgan's treatment and care of these patients is necessary and critical to their well-being.

The patients live at the named long term care facilities. Most are not ambulatory. Dr. Morgan must see the patients where they live, or not at all. On September 13, 2023, Morgan received a letter from the Arkansas counsel of Southern, as operator and on behalf of the defendant facilities, telling him to "cease and desist" from coming onto the property of all three of the facilities. (See Ex. A). Mr. Songstad, as counsel for Dr. Morgan sent a letter back to Southern's counsel on September 13, 2023, explaining that Southern was interfering with the Doctor/Patient relationship and for them to refrain from any further visitation impediments by Dr. Morgan. (See Ex. B) Counsel for Morgan received a phone call from in-house counsel for Southern stating that Dr. Morgan would not be allowed to enter any of the facilities.

The actions of Southern and the defendant facilities has necessitated an emergency. Dr. Morgan is unable to treat patients for very serious mental disabilities, and some are borderline suicidal. Additionally, Southern and the defendant facilities actions are in direct contravention of the law in Arkansas, which mandates a resident has access to the doctor of their choice. The intentional actions of Southern and the defendant facilities are putting their patients in harm's way, which is irreparable in many circumstances do to the nature of care and treatment provided to the patients by Dr. Morgan.

Additionally, the Defendants' actions interfere with the business expectancy of Dr. Morgan in his contracts with those patient residents of the defendant facilities. Dr. Morgan has suffered and will continue to suffer pecuniary loss due to this interference, which results in irreparable harm to him daily. If the interference continues Dr. Morgan will lose over $150,000.00 this year.

Contemporaneously with this Complaint, Plaintiff files a Motion for Temporary Restraining Order. An Order restraining Southern and the Defendant facilities from barring Dr. Morgan from the defendant facilities is necessary and appropriate to end the irreparable harm caused by the actions of the Defendants. As of the drafting of this Complaint, the facilities have continued their prohibition of Morgan from treating his patients.

## IV.    CAUSES OF ACTION

### VIOLATIONS OF THE OMNIBUS LONG-TERM CARE REFORM ACT OF 1988 (ARK. CODE ANN. §20-10-1001 *et seq.*)

8.     The intent of the Arkansas General Assembly in passing the Omnibus Long-Term Care Reform Act of 1988 is "to provide protection for those citizens residing in long-term care facilities to assure the residents the highest quality of life while protecting their health and welfare." Ark. Code Ann. §20-10-1002.

9.     Among those protections provided in the Act, a resident of a long-term care facility is entitled to choose their own physician. Ark. Code Ann. §20-10-1003.

10.    The actions of Southern and the Defendant facilities are in direct contravention of the act and are liable for violations thereof.

### TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

11.    Arkansas has five (5) elements in making out a successful case of Tortious Interference and they are as follows:

        a.    A valid contract or economic expectancy exists between the parties.

        b.    The Defendant has knowledge of the contract or expectancy.

        c.    Defendant intends to interfere with the contract or expectancy.

        d.      The interference is improper.

        e.      The Plaintiff suffers damage.

12. Here, a valid expectancy of treatment exists between Dr. Morgan and his over one hundred (100) patients in the facilities.

13. Southern and the Defendant facilities have had knowledge of the expectancy of treatment by Dr. Morgan as evidenced by Ex. A attached in their "Cease and Desist" letter. The Defendants intended to interfere with the expectancy of both Morgan and his patients. The interference is improper based upon the law of the State of Arkansas and Medicare guidelines regarding a Patient's right to choose whatever physician they want. Southern has completely disregarded the rights of the patients. Defendant is interfering with an expectancy of care that has been ongoing for many years and the interference is completely unwarranted and in violation of a patient's right to choose what physician they wish to have treat them. Finally, Defendant has caused tremendous economic damage to the Plaintiff by Tortiously Interfering with the Doctor/Patient relationship and their unilateral prohibition of allowing Dr. Morgan to see and treat his patients. Dr. Morgan is currently losing between $12,000.00 and $14,000.00 per month for every month he is prohibited from seeing his patients.

## V.  COMPENSATORY DAMAGES

14. Plaintiff hereby incorporates paragraphs 1- 6 by reference and as if verbatim.

15. Due to the actions of the Defendants, Dr. Morgan is losing between $12,000.00 and $14,000.00 per month. The intentional tortious actions of Southern and the Defendant facilities has completely stopped the care of patients by Morgan and is causing immediate and

irreparable harm not only to Morgan but also to the patients that are currently without a very needed physician to tend to their psychological health.

16. Therefore, Plaintiff Morgan should be awarded compensatory damages for his loss of income. Plaintiff Morgan prays for an award that a jury finds just and compensable due to the interference of Southern and the Defendant facilities.

## VI. PUNITIVE DAMAGES

17. Plaintiffs hereby incorporate paragraphs 1-29 by reference and as if verbatim.

18. Plaintiffs bring this action for punitive damages.

19. Punitive damages are intended to "punish a defendant, to deter him from committing acts of a similar nature, and to make a public example of him." Punitive damages are thus appropriate only in the most egregious cases and, consequently, a verdict imposing such damages must be supported by clear and convincing evidence that the defendant acted intentionally, fraudulently, maliciously, or recklessly.

20. Defendants engaged in intentional, malicious, and reckless conduct when they:

   a. Intentionally interfered with the doctor/patient relationship and prohibiting Morgan from entering the facilities where his patients actually live. This action by the Defendant is malicious, reckless and should be punishable by a jury for an amount within the statutory limits.

   b. Refused and failed to conduct a reasonable investigation of the physician/patient relationship and have ignored the Patients Rights Act as codified in Arkansas Code Annotated 20-10-1001 et seq.

21. Therefore, the Plaintiff prays for a judgment be taken against Defendants for punitive damages to punish and deter Defendants from committing similar acts in the future.

## VII. TEMPORARY RESTRAINING ORDER

22. For the reasons set forth herein, and due to the irreparable harm being caused by the Defendants in barring Dr. Morgan from treating his patients, Dr. Morgan incorporates herein his contemporaneously filed Motion for Temporary Restraining Order, and prays the Court grant such relief requested therein to end the harm being caused daily by Defendants' actions.

## VIII. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs would request that proper process be issued and served on Defendant requiring a timely Answer, and this Court to award a Judgment against the Defendant as follows:

1. For a temporary restraining order to be issued whereby the Defendants are restrained from barring Dr. Morgan from treating his patients at the facility locations;
2. For compensatory damages not to exceed $1,000,000.00;
3. For costs and reasonable attorney's fees;
4. For Punitive Damages upon a finding by clear and convincing evidence that Defendant's actions were intentional, willful, reckless and malicious;
5. For pre and post judgment interest and costs of this cause;
6. For such other and further relief as this court deems just and equitable.

WHEREFORE, PREMISES CONSIDERED, plus costs, interest, and any proper relief to which he may be entitled.

Respectfully submitted,

Dr. Roger Morgan

By His Attorney,

By: _____

Denny Sumpter (AR13184)
112 N. Missouri St.
West Memphis, AR 72301
(870) 732-5000 (phone)
denny@sumpterlawfirm.com

&      Randall N. Songstad (TN 018442)
(to be admitted upon application *pro hac vice*)
THE SONGSTAD LAW FIRM, P.C
254 Court Ave.
Memphis, TN 38103
Email: rsongstad@gmail.com

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Dr. Roger Morgan, swearing and affirm that the statements made and that the exhibits attached are true and correct to the best of my knowledge.

*[signature]*

SWORN TO AND SUBSCRIBED before me a Notary Public on this 27th day of November, 2023.

*[signature: Michelle Songstad]*
Notary Public

My Commission Expires:

6-17-26

*[Notary seal: Michelle Songstad, State of Tennessee Notary Public, Shelby County, My Commission Expires 6-17-2026]*

## CONNER WINTERS

4375 N. Vantage Dr.
Suite 405
Fayetteville, AR 72703

cwlaw.com

**Amy M. Wilbourn | Partner**
OFFICE  479.582.5711
FAX     479.358.1518
awilbourn@cwlaw.com

September 13, 2023

*Via email to rdm6553@aol.com*

Roger Morgan, M.D.
228 W Tyler Ave. #308
West Memphis, AR 72301

Re:  Willowbend Health and Rehabilitation, LLC
     Three Rivers Health and Rehabilitation
     River Ridge Rehabilitation and Care Center

Dear Dr. Morgan:

This firm represents the skilled nursing facilities Willowbend Health and Rehabilitation, LLC, Three Rivers Health and Rehabilitation, and River Ridge Rehabilitation and Care Center (collectively, the "Facilities"). It is our understanding that you have been visiting the Facilities unannounced to offer services to its residents without authorization or credentialing from the Facilities. Furthermore, it is our understanding that you do not currently have any agreements in place to provide care or services to any resident of the Facilities.

Accordingly, please accept this letter as a formal request that you cease and desist any and all activity at the Facilities without prior authorization or direct request by the Facilities or their residents. Beginning on the date of this letter, you are no longer approved for entrance and/or access to the Facilities. Please be advised that if you attempt to access the Facilities without prior authorization or request by a resident, we are prepared to take all necessary steps to remove you from the premises and report your actions to the applicable authorities, including but not limited to the Office of the Inspector General. If any resident of the Facilities desires to receive services from you, we will accommodate transportation for them to receive services from you at your clinic or alternative location as requested by the resident.

If you or your attorney have any questions, please contact me directly.



Sincerely,

*/s/ Amy M. Wilbourn*

Amy M. Wilbourn

---

Conner & Winters, LLP | Attorneys at Law | cwlaw.com

Tulsa | Oklahoma City | Northwest Arkansas | Dallas | Houston | Washington, D.C.

# THE SONGSTAD LAW FIRM, INC

8066 Walnut Run Road, Suite 222
Memphis, TN 38018

RANDALL N. SONGSTAD*                    901.870.5500                    randy@songstadlawfirm.com

*Rule 31 Listed General Civil Mediator

October 10, 2023

**VIA ELECTRONIC MAIL**
Amy Wilbourn
Conner Winters
4375 N. Vantage Dr.
Suite 405
Fayetteville, AR 72703
awilbourn@cwlaw.com

RE: Willowbend Health and Rehabilitation, LLC; Three Rivers Health and Rehabilitation; River Ridge Rehabilitation and Care Center.

Dear Ms. Wilbourn:

Please be advised that I represent Dr. Roger Morgan regarding Dr. Morgan's patients at the aforementioned facilities. I am in receipt of your letter dated September 13, 2023 which is demanding Dr. Morgan to Cease and Desist from attending his patients at these facilities. Apparently, you or someone at the facility believes that Dr. Morgan is soliciting patients at the facilities. Let me assure you that this is absolutely false. Dr. Morgan has been seeing these patients for over fourteen (14) years. Dr. Morgan has a relationship with the patients and we have documentation that the patients do not want to change Doctors. If you continue with any actions to remove Dr. Morgan from treating his patients we will immediately take legal action against your facility. You are attempting to interfere with a Doctor/Patient relationship that has been ongoing for 14 years. Many of Dr. Morgan's patients are not ambulatory and must be seen at these facilities so any notion of transporting them for several hours to Dr. Morgan's office is impossible. Dr. Morgan will resume his Doctor/Patient relationship later this week and any attempt to thwart his patient care will be met with the appropriate legal action.

Sincerely,

Randy Songstad


EXHIBIT B

# THE SONGSTAD LAW FIRM, INC

8066 Walnut Run Road, Suite 222
Memphis, TN 38018

RANDALL N. SONGSTAD*       901.870.5500       randy@songstadlawfirm.com

*Rule 31 Listed General Civil Mediator

October 20, 2023

**VIA ELECTRONIC MAIL**
Amy Wilbourn
Conner Winters
4375 N. Vantage Dr.
Suite 405
Fayetteville, AR 72703
awilbourn@cwlaw.com

RE: Willowbend Health and Rehabilitation, LLC; Three Rivers Health and Rehabilitation; River Ridge Rehabilitation and Care Center.

Dear Ms. Wilbourn:

I was informed on Wednesday of this week that once again, Dr. Morgan was denied access to your facility where he treats his patients. Dr. Morgan has had a Doctor/Patient relationship with many of these patients at all three facilities for years. You have not responded to my October 10, 2023 letter and the unilateral suspension by your office is in violation of both state and federal laws relating to Medicare and the rights of the patients to be seen by the doctor of their choosing. Dr. Morgan will be returning to your facilities on Monday of next week. If the unilateral suspension is still in place, we will be filing a lawsuit and moving for a Temporary Restraining Order be put in place restraining your tortious conduct.

Sincerely,

Randy Songstad

