IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DR. ROGER MORGAN**                                                                        **PLAINTIFF**

v.                                    **CASE NO. 2:23-CV-232-BSM**

**SOUTHERN ADMINISTRATIVE SERVICES,** *et al.*                              **DEFENDANTS**

## ORDER

Southern Administrative Services, LLC's ("Southern") motion to dismiss [Doc. No. 5] is granted in part and denied in part because Dr. Roger Morgan has stated a claim for tortious interference with a business expectancy and the issue of privilege is not properly decided at this stage.

## I. BACKGROUND

Morgan, a licensed psychologist, sued Southern for denying him entry to long-term care facilities where some of his elderly patients reside. He alleges that Southern's actions constitute (1) a violation of Ark. Code Ann. section 20-10-1003, which protects long-term care patients' access to providers of their choice and (2) tortious interference with his business expectancy. Southern is moving to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed

factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).

### III.  DISCUSSION

A.   Ark. Code Ann. § 20-10-1003

Morgan's claim under Ark. Code Ann. section 20-10-1003, which is part of the Omnibus Long-Term Care Reform Act of 1988 (the "Act"), is dismissed because the Act does not provide a private right of action. The Act has no "private enforcement mechanism," but expressly provides for state agency enforcement by restricting admissions to, and imposing fines on, noncompliant facilities. *Hutchinson v. United States*, 71 F.4th 1115, 1118 (8th Cir. 2023); *see* Ark. Code Ann. §§ 20-10-1004, 20-10-206. Southern's alleged noncompliance with the Act may, however, support one of the elements of Morgan's tort claim.

B.   Tortious Interference with Business Expectancy

Southern's motion to dismiss Morgan's tortious interference with a business expectancy claim is denied because Morgan has alleged a plausible claim. To establish his claim, Morgan must allege that: (1) a valid contractual relationship or business expectancy existed; (2) Southern knew of the relationship or expectancy; (3) Southern intentionally interfered with and caused the breach or termination of Morgan's relationship or expectancy; (4) the interference was improper; and (5) Morgan was harmed as a result. *Fureigh v. Horn*,

434 S.W.3d 390, 399 (Ark. Ct. App. 2014).

Southern argues that Morgan's claim fails because his business expectancy was subject to a contingency—that his patients would choose him to be their provider. Def.'s Br. Supp. Mot. Dismiss 4, Doc. No. 6. Arkansas law, however, bars recovery for tortious interference when the plaintiff "had no expectancy other than the one subject to *the contingency which occurred*." *Windsong Enterprises, Inc. v. Upton*, 233 S.W.3d 145, 150 (Ark. 2006) (emphasis added) (quoting *Donathan v. McDill*, 800 S.W.2d 433 (Ark. 1990)). Morgan's business expectancy was not interrupted by the contingency of his patients choosing another provider but by Southern's decision to bar him from their facilities. Therefore, this doctrine does not apply.

Southern also argues that Morgan failed to adequately allege that Southern's actions were improper. Def.'s Br. Supp. Mot. Dismiss 5–6. Morgan, however, alleges that Southern deprived his patients of their right under Ark. Code Ann. section 20-10-1003 to choose their own provider. Compl. 8–10, 13, Doc. No. 2. Morgan's allegations overcome dismissal because the interests of his patients can be considered when determining whether Southern's actions were improper. *Stewart Title Guar. Co. v. Am. Abstract & Title Co.*, 215 S.W.3d 596, 607 (Ark. 2005). The state of Arkansas's interest in protecting the freedom of Morgan and his patients can also be considered. *Id.*

Finally, Southern asserts a privilege defense. To establish that a privilege exists, Southern must show that it: (1) had an interest in, or duty to, Morgan's patients; (2) acted in furtherance of that interest or duty; and (3) acted without bad faith. Ark. Model Jury Instr.,

3

Civil AMI 403; *Conway Corp. v. Constr. Eng'rs, Inc.*, 782 S.W.2d 36, 40 (Ark. 1989). Southern's motion to dismiss based on its privilege defense is denied because this defense is not apparent from the complaint and materials embraced by it. *See Hamby v. Health Mgmt. Assocs., Inc.*, 462 S.W.3d 346, 350 (Ark. Ct. App. 2015) (declining to consider privilege to interfere at motion-to-dismiss stage); *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008) (affirmative defense such as privilege may provide the basis for dismissal only if it is apparent from the materials properly before the court).

## IV. CONCLUSION

For these reasons, the motion to dismiss is granted on Morgan's Ark. Code Ann. § 20-10-1003 claim and denied on his tortious interference with a business expectancy claim.

IT IS SO ORDERED this 17th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE